1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| MARCUS A. SMITH,<br><br>                    Plaintiff,<br><br>        v.<br><br>E. GOMEZ, *et al.*,<br><br>                    Defendants. | Case No. 1:24-cv-00940-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT'S ORDERS<br><br>OBJECTIONS, IF ANY,<br>DUE WITHIN 30 DAYS |
| --- | --- |

17

18

19

20

Plaintiff Marcus A. Smith is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff generally alleges that defendants fabricated Rule Violation Reports ("RVRs") regarding missing work, ignoring his medical conditions. (*See generally* ECF No. 9).

21

22

For reasons stated below, the Court recommends that this case be dismissed without prejudice for failure to prosecute and failure to comply with the Court's orders.

23

**I.      BACKGROUND**

24

25

26

27

28

On February 11, 2025, the Court screened Plaintiff's First Amended Complaint and found that it failed to state any cognizable claims. (ECF No. 11). The Court granted Plaintiff leave to amend his complaint within thirty days of the order or file a notice that he wished to stand on his First Amended Complaint. (ECF No. 11 at 8–9). That deadline has passed, and Plaintiff has not done either, or otherwise communicated with the Court.

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to comply with court orders and to prosecute. In determining whether to dismiss an action under Rule 41(b) for failure to prosecute or failure to comply with a Court order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

## III.   ANALYSIS

In applying the *Pagtalunan* factors to this case, the first factor weighs in favor of dismissal, because "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted).

As to the second factor, the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff has failed to amend his complaint, tell the Court he wishes to stand on his operative complaint, or otherwise communicate with the Court. Allowing this case to proceed further without any indication that Plaintiff intends to prosecute his case is a waste of judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiffs have no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the third *Pagtalunan* factor, risk of prejudice to Defendants, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's

1  failure to comply with a court order that is causing delay and preventing this case from

2  progressing. Therefore, the third factor weighs in favor of dismissal.

3       As for the availability of lesser sanctions, the fourth *Pagtalunan* factor, at this stage in

4  the proceedings there is little available to the Court which would constitute a satisfactory lesser

5  sanction while protecting the Court from further unnecessary expenditure of its scarce

6  resources. Monetary sanctions are of little use, considering Plaintiff's incarceration. And, given

7  the stage of these proceedings, the preclusion of evidence or witnesses is not available.

8  Moreover, dismissal *without* prejudice *is* the lesser sanction available to the Court. Under

9  Federal Rule of Civil Procedure 41(b), a court may dismiss an action *with* prejudice for failure

10  to comply with court orders and to prosecute. Fed. R. Civ. P. (41)(b); *see also Link v. Wabash*

11  *R. Co.*, 370 U.S. 626, 630–31 (1962) (holding that Rule 41(b) allows *sua sponte* dismissal by

12  the Court because "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has

13  generally been considered an 'inherent power,' governed not by rule or statute but by the

14  control necessarily vested in courts to manage their own affairs so as to achieve the orderly and

15  expeditious disposition of cases.") Therefore, the fourth factor also weighs in favor of

16  dismissal.

17       Finally, because public policy favors disposition on the merits, this factor weighs

18  against dismissal. *Pagtalunan*, 291 F.3d at 643.

19  **IV.    CONCLUSION AND RECOMMENDATIONS**

20       After weighing the factors, the Court finds that dismissal without prejudice is

21  appropriate.

22       Accordingly, **IT IS RECOMMENDED** that:

23       1. This action be dismissed without prejudice under Federal Rule of Civil

24          Procedure 41(b) for failure to prosecute and failure to follow Court's orders; [1]

25          and

26  _____

27       [1] "[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim,
(2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the

28  dismissal counts as a strike under § 1915(g)." *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017).
Thus, this dismissal qualifies as a strike under Section 1915(g).

1         2.  The Clerk of Court be directed to close this case.

2         These findings and recommendations will be submitted to the United States district

3  judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

4  thirty days after being served with these findings and recommendations, Plaintiff may file

5  written objections with the Court. The document should be captioned "Objections to Magistrate

6  Judge's Findings and Recommendations." Any objections shall be limited to no more than 15

7  pages including exhibits.

8         Plaintiff is advised that failure to file objections within the specified time may result in

9  the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014)

10  (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

11

12  IT IS SO ORDERED.

13      Dated:   **March 27, 2025**          /s/ Erica P. Grosjean

14                               UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28