UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS A. SMITH,<br><br>            Plaintiff,<br><br>      v.<br><br>E. GOMEZ, *et al.*,<br><br>            Defendants. | Case No. 1:24-cv-00940-KES-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>AND DISMISSING THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY THE COURT'S ORDERS<br><br>Doc. 12 |

Plaintiff Marcus A. Smith is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.

On February 11, 2025, the assigned magistrate judge issued a screening order finding that plaintiff's first amended complaint did not contain any cognizable claims and ordering plaintiff to either file a second amended complaint or file a notice of his intention to stand on his first amended complaint.  Doc. 11 at 8.  Plaintiff did not do either or otherwise communicate with the Court.  *See* Docket.  Accordingly, on March 28, 2025, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed for failure to prosecute and failure to comply with the Court's orders.  Doc. 12.

The Court served the findings and recommendations on plaintiff and notified plaintiff that any objections were due within 30 days.  *Id.* at 12.  No objections were filed, and the time to do so has passed.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court performed a de novo review of the case. Having carefully reviewed the matter, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations (Doc. 12) are adopted;
2. This action is dismissed without prejudice for failure to prosecute and failure to obey the Court's orders;[1] and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   May 14, 2025

_____
UNITED STATES DISTRICT JUDGE

---

[1] Insofar as the findings and recommendations conclude that this dismissal qualifies as a strike under section 1915(g) of title 28 of the United States Code, *see* Doc. 12 at 3 n.1, this finding is incorrect and the Court declines to adopt it. The findings and recommendations correctly note that "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017). However, the Court did not previously dismiss the complaint for failure to state a claim and the findings and recommendations do not recommend dismissal on that basis. Instead, the findings and recommendations recommend dismissal for failure to prosecute and failure to obey a court order. Accordingly, the Court is not dismissing this case for failure to state a claim, and the dismissal does not qualify as a strike.

2